Torres v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-520-CR

LUIS MANUEL TORRES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Luis Manuel Torres appeals his conviction for violation of a protective order.  The trial court found Torres guilty and assessed his punishment at seventy-five days’ confinement.  In a single point, Torres challenges the legal sufficiency of the evidence to sustain his conviction.  We will affirm.

II.  Factual Background

On September 13, 2003, the Municipal Court of the City of Irving issued an
 emergency protective order prohibiting Torres from, among other things, “[c]ommunicating directly or indirectly in a threatening or harassing manner with any family or household members listed in this Order” and from “[g]oing to or within 500 feet of [Brandee Kay Weston’s] residence . . . and any other subsequent address taken by [Brandee Kay Weston].”  Officer Melanie Gutierrez delivered the protective order to Torres before he was released from jail and read the order to him.  Officer Gutierrez explained that the order was issued because Weston was scared that Torres would hurt her.

Weston testified that on September 28, 2003, she was living with Steven Rice at Budget Suites.  She heard banging on the door and thought it was the babysitter or a detective wanting to get information on Rice’s truck, which had been stolen.  She testified that the banging was “really loud” and that it was a “pounding.”  She then heard Torres yelling through the door, “Brandee, open the fucking door.  I’m taking my daughter with me to Mexico.”  She said that Torres screamed the statements while banging on the door and that it made her scared.  She further testified that when she opened the door, Torres tried to get through it, looked at her, and screamed, “Come here[.]  I want to talk to you alone.  I’m taking my daughter with me.”

Officer David Coomer testified that while he was searching for a suspicious person in an unrelated incident at Budget Suites, a male—who was later identified as Torres—and female approached him.  The female told Officer Coomer that there were drugs in an apartment where Torres’s child was staying.  The female and Officer Coomer went to Weston’s apartment.  Weston allowed the police to search the apartment, and the police found no drugs or paraphernalia.  While at the apartment, Officer Coomer noticed that Weston appeared upset.  Weston told Officer Coomer that Torres had come to the apartment, beating on the door, and that she got scared and ran to the bathroom.  Weston also told Officer Coomer about the existence of the protective order.  Officer Coomer talked to Torres, who said that he was aware of the protective order and that he had only attempted to contact Weston. However, Officer Coomer testified that “[e]very indication I had was that Mr. Torres had been there.”

Officer Bardwell testified that he was with Officer Coomer on the date in question.  Officer Bardwell 
said that the female and male told him that Rice pulled a stick on Torres when he was at Weston’s to check on the welfare of his child and that there was possible drug use in the apartment.  When asked whether
 Torres ever said that he did not communicate with Weston in a threatening or a harassing manner, Officer Bardwell 
stated
, “No, not that I remember.”

Based on the above actions, Torres was charged 
with “intentionally or knowingly, in violation of an order of the Municipal Court of the City of Irving, . . . communicat[ing] directly or indirectly in a threatening or harrassing [sic] manner with Brandee Weston, a family member listed in said protective order by repeatedly banging on the door of Brandee Weston’s residence.”  After hearing the evidence, the trial court found Torres guilty of violating the protective order and sentenced him to seventy-five days’ confinement.  This appeal followed.

III.  Legal Sufficiency Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the judgment in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

IV.  Legally Sufficient Evidence Supports Violation of Protective Order

In his sole point, Torres contends that the evidence is legally insufficient to sustain his conviction for violation of a protective order.  Specifically, he argues that the victim’s testimony is contradictory, is based on her assumption that Torres was banging on her door, and fails to prove that Torres “repeatedly” banged on her door.

A person commits the offense of violation of a protective order if, in violation of such order, he intentionally or knowingly communicates directly with a protected individual or a member of the family or household in a threatening or harassing manner.  
Tex. Penal Code Ann.
 § 25.07(a)(2) (Vernon 2003).  The trier of fact is the sole judge of the credibility of witnesses and the weight given to their testimony.  
Bonham v. State
, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984), 
cert. denied
, 474 U.S. 865 (1985)
.  The trier of fact may believe or disbelieve all or any part of a witness's testimony.  
Sharp v. State
, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986), 
cert. denied
, 488 U.S. 872 (1988).  The trier of fact has the responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.

Although Torres argues that Weston’s testimony was contradictory and based on the assumption that it was Torres who was banging on the door, the trial court, as the trier of fact, could have found Weston’s testimony to be credible where she stated that she heard Torres’s voice screaming, “Brandee, open the fucking door.  I’m taking my daughter with me to Mexico,” 
while the banging was occurring, that she watched Torres attempt to get through the doorway, and that she saw him look at her.  Additionally, Torres admitted to the officers that he had been at Weston’s apartment to check on the welfare of his child.  Viewing the evidence in the light most favorable to the trial court’s judgment, we hold that the evidence is legally sufficient to support Torres’s conviction for violation of a protective order.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Burden
, 
55 S.W.3d at 612; 
Green v. State
, Nos. 2-02-144-CR, 2-02-145-CR, 2003 WL 21710224, at *5 (Tex. App.—Fort Worth 2003, pet. ref’d) (not designated for publication).  We overrule Torres’s sole point.

V.  Conclusion

Having overruled Torres’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: August 19, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.